**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GILBERT ANTHONY ARNOLD,

Petitioner,

v.

ADELANTO ICE PROCESSING CENTER WARDEN,

Respondent.

Case No. 5:26-cv-02202-SVW-ACCV

**ORDER DISMISSING PETITION**

## I. BACKGROUND

On April 27, 2026, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody in this Court pursuant to 28 U.S.C. § 2241. (Dkt. 1.) The Court believes that Petitioner was detained at the Adelanto Immigration and Customs Enforcement Processing Center when he filed his Petition based on his representations in the Petition. (*See id.* at 1.) On May 8, 2026, Petitioner requested to proceed *in forma pauperis*, which the Court granted on May 13, 2026. (Dkts. 10; 12). On June 1, 2026, the Magistrate Judge ordered the Petition dismissed for failure to allege facts sufficient to support a claim for relief. (Dkt. 14.) The Court gave Petitioner leave to file an amended petition no later than 30

days from the date of the order. (*Id.* at 2.) Petitioner did not file an amended petition by the deadline. On July 17, 2026, the Court *sua sponte* granted Petitioner one final opportunity to file an amended Petition. (*Id.*) On July 27, 2026, the postal service returned the mailing as "No longer at this address[.]" (Dkt. 16.) The Court is unable to determine Petitioner's new address location.

As of the date of this Order, Petitioner has not filed an amended petition, has not contacted the Court, and has not updated his address.

## II. DISCUSSION

District courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.").

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61.

In the instant action, the first two factors—public interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal. Petitioner has not filed an amended Petition per the Court's June 1, 2026 order. Based on the recent return mail regarding the Court's July 17, 2026 order, the Court also suspects that Petitioner failed to properly inform the Court of his updated address. Local Rule 41-6 requires a party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as

any telephone number and email address. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition, and suggests Petitioner does not intend to litigate this action diligently.

The third factor—prejudice to respondents—also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondent arises when petitioners unreasonably delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Petitioner's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. (*See* Dkts. 14; 15.) Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Petitioner's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Petitioner's compliance with court orders or participation in this litigation. Petitioner has shown he is either unwilling or unable to comply with court orders by filing responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless petitioner has been notified dismissal is imminent, *see W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has warned Petitioner about the possibility of dismissal. (*See* Dkts. 14; 15.)

Accordingly, because it appears that Petitioner has abandoned this litigation, and because Petitioner has failed to respond to Court orders or provide an updated address as required by Local Rule 41-6, the Court **DISMISSES** this case, without prejudice.

## III. ORDER

Based on the foregoing, **IT IS ORDERED** that Judgment be entered **DISMISSING** this case without prejudice.

DATED: September 28, 2026

HONORABLE STEPHEN V. WILSON
United States District Judge

Presented by:

ANGELA C. C. VIRAMONTES
United States Magistrate District Judge